UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| SUSAN A. POPOV, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No: 2:18 CV 235 |
|  | ) |  |
| PORTAGE WOLF LLC, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

### I. BACKGROUND

Plaintiff Susan Popov originally filed this lawsuit in Porter County Superior Court in the State of Indiana on November 28, 2017. (DE # 5.) Plaintiff brings claims against Portage Wolf LLC, Portage Kahn LLC, Portage Greenfield LLC, Portage Doppelt LLC, Portage Baer LLC, and Boston Commons Limited Company. (DE # 5 at 1.) Plaintiff then filed an amended complaint adding defendant Portage Daniels LLC. (DE # 6.) Plaintiff alleges she slipped and fell on ice at a shopping center due to the defendants' negligence. (*Id.* at 2–3.)

On June 19, 2018, defendants removed the action to this court, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446(b). (DE # 1.) According to defendants, this court has subject matter jurisdiction over the matter based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (*Id.* at 4.)

On July 19, 2018, plaintiff moved to remand the case back to state court, arguing that complete diversity does not exist. (DE # 15.) Defendants filed a response to the

motion to remand that same day. (DE # 16.) Plaintiff did not file a reply brief, and the time to do so has passed. The motion is now ripe for resolution.

## II. LEGAL STANDARD

The removal statute allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The party invoking federal jurisdiction bears the burden of demonstrating its existence. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012). Thus, when a party opposing federal jurisdiction challenges the allegations of jurisdictional facts, the party seeking the federal forum must prove those facts by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006).

District courts are to "interpret the removal statute narrowly," and any doubts regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. DISCUSSION

A federal court may exercise diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. It is undisputed that plaintiff resides in Indiana. (DE # 6 at 1.) Plaintiff argues that all of the defendants are also citizens of Indiana, destroying diversity of citizenship.

2

Specifically, plaintiff argues that defendants' "primary place of business appears to be" in Indiana. (DE # 15 at 2.) She also argues that the "nerve center" of defendants' business is located in Indiana, making them citizens of Indiana for jurisdictional purposes. (*Id.*) The citizenship tests that plaintiff uses for her argument (the "principal place of business" and "nerve center" tests) apply to the citizenship of *corporations*. See *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). "[C]ourts have held that all corporations are to be treated alike for diversity purposes: all are citizens both of the state of incorporation and the state in which the corporation has its principal place of business." *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

However, the defendants in this case are not corporations. They are limited liability companies. "The citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members." *Wise*, 450 F.3d at 267. Therefore, plaintiff's arguments are irrelevant.

Meanwhile, defendants provide an affidavit which lists the citizenship of each of their members. (DE # 1-5 at 31–34.) Accordingly, Portage Wolf LLC is a citizen of Florida; Portage Kahan LLC (referred to as "Kahn" in the complaint) is a citizen of Illinois; Portage Greenfield LLC is a citizen of Illinois; Portage Doppelt LLC is a citizen of Ohio; Portage Baer LLC is a citizen of Illinois; Portage Daniels LLC is a citizen of Florida; and Boston Commons Limited Company LLC is a citizen of Florida and

Washington. (*See id.*) Therefore, complete diversity exists, and the court will not remand the case.

**IV.     CONCLUSION**

For the reasons set forth above, the motion to remand (DE # 15) is **DENIED**.

**SO ORDERED.**

Date: October 24, 2018

                                          s/James T. Moody_____
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT